**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: |
| M.A. MORTENSON COMPANY, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD., MERCY HEALTH CORPORATION, RICARDO GARCIA and STACEY GARCIA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, OLD REPUBLIC INSURANCE COMPANY, by and through its attorneys, MARASA LEWIS, LTD., for its Complaint for Declaratory Judgment against defendants, M.A. MORTENSON COMPANY, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD., MERCY HEALTH CORPORATION, RICARDO GARCIA and STACEY GARCIA, alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201 to determine and resolve questions of actual controversy under a commercial general liability policy of insurance issued by Old Republic Insurance Company to Kelso-Burnett Co. ("Kelso"). Old Republic seeks a declaration that it owes no duty to defend, indemnify or otherwise provide additional insured coverage to M.A. MORTENSON COMPANY, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD., and MERCY HEALTH CORPORATION, under said policy of insurance for losses incurred in connection with a personal injury lawsuit entitled *Ricardo Garcia, et*

*al. v. M.A. Mortenson Company, et al.,* filed in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois under Court No. 2020 L 0000058 (the "underlying lawsuit").

## THE PARTIES

2.      Plaintiff, Old Republic Insurance Company ("Old Republic") is a citizen of the State of Pennsylvania as it is a Pennsylvania corporation with its principal place of business located in Greensburg, Pennsylvania.

3.      Defendant, M.A. MORTENSON COMPANY ("Mortenson"), is a citizen of the State of Minnesota as it is a Minnesota corporation with its principal place of business located in Minnesota.

4.      Defendant, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD. ("Javon Bea") is a citizen of the State of Illinois as it is a not-for-profit corporation organized and operating under the laws of the State of Illinois with its principal place of business located in Rockford, Illinois.

5.      Defendant, MERCY HEALTH CORPORATION ("Mercy") is a citizen of the State of Illinois as it is a not-for-profit corporation organized and operating under the laws of the State of Illinois with its principal place of business located in Rockford, Illinois.

6.      Defendants, RICARDO GARCIA and STACEY GARCIA (collectively "Garcia"), upon information and belief, are citizens of the State of Illinois as they reside in Rockford, Illinois and are necessary parties to this lawsuit as they are the plaintiffs in an underlying lawsuit seeking damages from Mortenson, Javon Bea, Mercy Health and others for injuries allegedly sustained on February 28, 2018, when Ricardo Garcia fell while working at a construction project located at 8201 E. Riverside Blvd. in Rockford, Illinois.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a), because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this District, pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events giving rise to the claims for coverage under the policy issued by Old Republic occurred within this District.

## THE UNDERLYING COMPLAINT

9.      On February 3, 2020, Ricardo Garcia and Stacey Garcia filed an original complaint at law against Mortenson, Javon Bea, Mercy and Kelso in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois entitled *Ricardo Garcia and Stacey Garcia v. M.A. Mortenson Company, et al.*, under Court No. 2020 L 000058.  (Complaint is attached hereto as **Exhibit A**).

10.     Mortenson, Javon Bea and Mercy filed their Appearances March 9, 2020, June 3, 2020, and November 2, 2020, respectively.

11.     On February 11, 2022, Garcia filed a second amended complaint against Mortenson, Javon Bea, Mercy and Kelso, adding PEC Solutions LLC as a defendant. (Second Amended Complaint is attached hereto as **Exhibit B**).

12.     In the second amended complaint, which remains the operative pleading, Garcia alleges that, on February 28, 2018, he was a painter employed by Thorne Associates and performing work at a construction project located at Javon Bea Hospital located at 8201 E. Riverside Blvd in Rockford, Illinois ("subject project"). (Exhibit B, ¶ 3).

13.     Garcia alleges that Ricardo Garcia was painting in a hallway in the basement while wearing stilts when he tripped and fell off his stilts as a "result of a certain pallet that had been left in his working area." (Exhibit B, ¶¶ 6, 10).

14.     Garcia alleges that Mortenson, Javon Bea and Mercy were developer, general contractor and/or construction manager in charge of the subject project by virtue of their coordination, scheduling, inspection of the work and their authority to stop the work, refuse the work or order changes in the work and, as such, owed duties to "operate, manage, oversee, supervise and control" the construction site, project and activities thereon. (Exhibit B, ¶¶ 1, 4).

15.     Garcia alleges that Mortenson, Javon Bea and Mercy were negligent in: (a) failing to manage, supervise, oversee and control the construction site, project and activities; (b) failing to inspect the project and site; (c) failing to provide safe and adequate illumination; (d) failing to properly schedule, sequence and coordinate the work; (e) allowing multiple contractors to work in the hallway which presented an unsafe worksite; (f) allowing contractors to place material on the ground of the worksite presenting a trip and fall hazard; (g) failing to require contractors to store material in designated areas; (h) failing to remove material from the hallway that presented a trip and fall hazard; and (i) allowing a pallet to be placed behind plaintiff without warning. (Exhibit B, ¶ 8).

16.     With respect to Kelso, Garcia alleges it was an electrical contractor and, as such, owed a duty to exercise ordinary care in its construction activities to ensure the premises were reasonably safe for others to encounter. (Exhibit B, Count VII, ¶¶ 1, 5).

17.     Garcia alleges that Kelso was negligent in: (a) placing or storing pallets on the floor; (b) failing to remove the pallets; (c) failing to properly schedule, sequence and coordinate the work; (d) failing to inspect the work; (e) allowing, permitting and requiring plaintiff to enter a work area that contained a pallet on the floor; (f) allowing the pallet to remain on the floor; (g) failing to block

–4–

off, barricade or otherwise isolate the area; (h) allowing plaintiff to proceed into an unreasonably dangerous area; (i) failing to provide adequate lighting; and (j) placing a pallet directly behind plaintiff as he was working. (Exhibit B, Count VII, ¶ 6).

18.     Stacey Garcia alleges she is entitled to damages from each defendant for her loss of consortium. (Exhibit B, Count IX).

19.     Garcia alleges that the defendants' negligence proximately caused their injuries. (Exhibit B, ¶ 11).

20.     All defendants, including Kelso, have filed Answers to plaintiff's Second Amended Complaint denying all relevant allegations of liability and damages.

21.     During the course of discovery in the underlying lawsuit, deposition testimony and evidence produced has revealed that Kelso did not place any pallets on the floor or have any responsibility relative to pallets; did not have any obligation to remove pallets belonging to anyone other than Kelso; did not have any responsibility to schedule, sequence, coordinate or inspect the work; did not have any authority to nor did it allow, permit or require plaintiff to work in any area; did not have any knowledge of plaintiff's activities on the day of the accident; and did not have responsibility to provide adequate lighting.

### THE CONTRACT DOCUMENTS AND PROJECT

22.     Upon information and belief, MercyRockford Health System Corporation contracted with Mortenson on or about March 1, 2016 for the performance of labor and materials for the construction of Rockford Memorial Hospital Bea located at 8201 East Riverside Boulevard in Rockford, Illinois.

23.     On or about April 5, 2016, Mortenson subcontracted with Kelso for the performance of certain electrical services during the Javon Bea Hospital construction project. (Mortenson/Kelso Subcontract is attached hereto as **Exhibit C**).

24.     The Subcontract identified Kelso as "Subcontractor" and MercyRockford Health System Corporation as "Owner."

25.     Pursuant to Exhibit C - Schedule of the Mortenson/Kelso Subcontract, Kelso's work for Mortenson was to be completed by June 24, 2016.

26.     By 2017, Kelso had completed its work under its Subcontract with Mortenson.

27.     On June 5, 2017, Parsons Electric, LLC ("Parsons") subcontracted with Kelso for the performance of electrical work at the subject project located at 8201 E. Riverside Blvd. in Rockford, Illinois. (Parsons/Kelso Subcontract is attached hereto as **Exhibit D**).

28.     The Parsons/Kelso Subcontract identified Parsons as "Contractor," Kelso as "Subcontractor," Mercy Health Corporation as "Owner," and "M.A. Mortenson Company as "General Contractor."

29.     Article 6 of the Parsons/Kelso Subcontract provided that Kelso procure, maintain and pay for CGL coverage with a $5,000,000 per occurrence limit of liability and, in Article 6.1.9, provided that Kelso endorse its CGL policy with an additional insured endorsement adding "Contractor, General Contractor, Owner and such other parties as required by the Contract Documents" as additional insureds, but only with respect to liability for bodily injury . . . caused, in whole or in part by Kelso * * *"

30.     In 2018, Kelso was performing its work at the subject project solely under its Subcontract with Parsons.

### THE OLD REPUBLIC POLICY OF INSURANCE

31.    Old Republic issued a commercial general liability policy of insurance to Kelso under Policy No. MWZY 307151 for the period of April 1, 2017 to April 1, 2018 with a per occurrence limit of liability of $2,000,000. (Said Policy is attached hereto as **Exhibit E**).

32.    Kelso is a named insured on the policy pursuant to the Schedule of Named Insureds (Form PGL 079 04 06).

33.    The Commercial General Liability Coverage Form provides that the words "you" and "your" refer to the Named Insured (Kelso) and the word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.  (Exhibit E).

34.    The policy's Insuring Agreement which provides, in relevant part, as follows:

> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'bodily injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages.  However, we will have no duty to defend the insured against any 'suit' seeking damages for . . . 'property damage' to which this insurance does not apply. * * *

35.    The Policy contains an Additional Insured Endorsement (Form CG 20 10 07 04) for Owners, Lessees or Contractors which provides, in pertinent part, as follows:

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| All Persons or Organizations as required by written Contract or Agreement | The locations as specified in the written contracts or agreements. |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with

respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

\*\*\* (Said Endorsement is attached hereto as **Exhibit F**).

36. Section IV of the Policy contains Conditions which include the following:

   **2. Duties in the Event of Occurrence, Offense, Claim or Suit**

   \*     \*     \*

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable   to the insured because of injury or damage to which this insurance may also apply.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

37. Section V of the Policy defines "suit" to mean "a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged."

## TENDER TO OLD REPUBLIC

38.     Upon information and belief, Mortenson, Javon Bea and/or Mercy Health tendered to plaintiff's employer's insurance carrier, CNA Insurance, in 2020 at the outset of the underlying lawsuit.

39.     On or about March 16, 2022, Mortenson and Javon Bea issued a tender of defense and indemnification of the underlying lawsuit Old Republic, specifically under the terms of the Mortenson/Kelso Subcontract.

40.     Prior to March 16, 2022, Mortenson, Javon Bea and Mercy Health did not notify Old Republic of the underlying lawsuit.

41.     Prior to March 16, 2022, Mortenson, Javon Bea and Mercy Health did not immediately forward copies of the summons, complaint or any legal papers in the underlying lawsuit to Old Republic.

42.     Prior to March 16, 2022, Mortenson, Javon Bea and Mercy Health did not give Old Republic an opportunity to investigate the claim or defend against the underlying lawsuit.

43.     Prior to March 16, 2022, Old Republic had no knowledge or notice that Mortenson, Javon Bea, or Mercy Health were putative additional insureds pursuant to a written contract.

44.     On or about May 23, 2022, Old Republic agreed to defend Mortenson pursuant to a reservation of rights to withdraw its defense and deny indemnity coverage:

      (i)    if the evidence reveals and/or a judicial determination is made that Kelso's acts or omissions did not cause, in whole or in part, Mortenson's liability for plaintiffs' injuries;

      (ii)    if the evidence reveals and/or a judicial determination is made that Kelso was not performing ongoing operations for Mortenson at the time of plaintiff's accident; and

      (iii)    due to Mortenson's failure to comply with and breach of the notice provisions and cooperation clause.

45.     Old Republic also reserved its right to seek reimbursement of defense costs in the event it is determined that the claims are not covered.

46.     On July 11, 2023, Old Republic withdrew from defending Mortenson and requested Mortenson and the hospital entities withdraw their tender of defense and indemnity.

47.     Mortenson and the hospital entities refused to withdraw their tender and, unable to resolve their dispute, Old Republic filed the instant declaratory action.

## COUNT I
### (No Duty to Defend or Indemnify – Not an Additional insured)

48.     Old Republic adopts and re-alleges all of the facts and allegations contained in paragraphs 1 through 46 above as and for paragraph 48 of Count I, as though fully set forth herein.

49.     At the time of Ricardo Garcia's accident on or about February 28, 2018, Kelso had completed all work for Mortenson under the Mortenson/Kelso Subcontract,

50.     In February 2018, any work Kelso performed at the subject project was pursuant to its Subcontract with Parsons.

51.     Under the insurance provisions in the Parsons/Kelso Subcontract, Kelso was to add "Mercy Health Corporation" and "M.A. Mortenson Company" as additional insureds on its CGL policy, but only with respect to liability for bodily injury "caused, in whole or in part by Kelso."

52.     There was no contractual requirement to name Javon Bea as an additional insured.

53.     Under the terms of Additional Insured Endorsement (Form CG 20 10 07 04) for Owners, Lessees or Contractors, only those persons required by "written contract or agreement" potentially qualify as additional insureds.

54.     Accordingly, Javon Bea does not qualify as an additional insured under the Old Republic policy.

55.    The above contentions of Old Republic are denied and disputed by defendants who, in turn, contend that Mortenson, Javon Bea and Mercy are entitled to additional insured coverage under the Old Republic Policy.

56.    By reason of the foregoing, an actual and justiciable controversy exists between Old Republic, on the one hand, and defendants Mortenson, Javon Bea and Mercy, on the other, which may be determined by judgment or order of the Court and that, pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the Old Republic policy, and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

WHEREFORE plaintiff, OLD REPUBLIC INSURANCE COMPANY, prays that this Court enter judgment in its favor and against defendants, M.A. MORTENSON COMPANY, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD., MERCY HEALTH CORPORATION, RICARDO GARCIA and STACEY GARCIA, and enter an Order finding and declaring the rights of the parties as follows:

A.    That Javon Bea does not qualify as an additional insured under the Old Republic Policy;

B.    That Javon Bea Hospital is not entitled to additional insured coverage from Old Republic;

C.    That Old Republic owes no duty to defend or indemnify Javon Bea;

D.    Any further relief that this Court deems proper and just under the circumstances.

## COUNT II
### (No Duty to Defend or Indemnify – No Vicarious Liability)

57.    Pleading in the alternative, Old Republic adopts and re-alleges all of the facts and allegations contained in paragraphs 1 through 56 above as and for paragraph 57 of Count II, as

though fully set forth herein.

58.     Under the terms of Additional Insured Endorsement (Form CG 20 10 07 04 01) for Owners, Lessees or Contractors, coverage to an additional insured is limited to liability for "bodily injury" that is "caused, in whole or in part, by" Kelso's "acts or omissions" in the performance of Kelso's ongoing operations for the additional insured(s).

59.     Even if defendants Mortenson, Javon Bea and Mercy qualified as additional insureds, they are not entitled to additional insured coverage because there exists no potential for their liability to vicariously arise out of Kelso's ongoing operations for Mortenson.

60.     In 2018, Kelso was performing work on the project, if at all, pursuant to its Subcontract with Parsons and all operations performed on the subject project in 2018 were for Parsons.

61.     Moreover, the deposition testimony and evidence from the underlying lawsuit reveal that Kelso's acts or omissions did not cause, in whole or in part, plaintiffs' injuries or accident.

62.     In addition, the operative complaint in the underlying lawsuit does not allege that defendants Mortenson, Javon Bea or Mercy may or could be liable for the acts or omissions of Kelso nor is there any such evidence.

63.     Accordingly, defendants Mortenson, Javon Bea or Mercy do not fall within the scope of additional insured coverage and Old Republic owes no duty to defend or indemnify them.

64.     The above contentions of Old Republic are denied and disputed by defendants Mortenson, Javon Bea and Mercy who, in turn, contend that they are entitled to additional insured coverage under the Old Republic Policy.

65.     By reason of the foregoing, an actual and justiciable controversy exists between Old Republic, on the one hand, and defendants Mortenson, Javon Bea and Mercy, on the other, which

may be determined by judgment or order of the Court and that, pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the Old Republic policy, and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

WHEREFORE plaintiff, OLD REPUBLIC INSURANCE COMPANY, prays that this Court enter judgment in its favor and against defendants, M.A. MORTENSON COMPANY, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD., MERCY HEALTH CORPORATION, RICARDO GARCIA and STACEY GARCIA and enter an Order finding and declaring the rights of the parties as follows:

A.    That Mortenson, Javon Bea and Mercy are not entitled to additional insured coverage from Old Republic as their potential liability to plaintiffs is not vicariously based on Kelso's acts or omissions;

B.    That Mortenson, Javon Bea and Mercy are not entitled to additional insured coverage from Old Republic as Kelso was not performing ongoing operations for Mortenson, Javon Bea and/or Mercy at the time of plaintiffs' accident;

C.    That Mortenson, Javon Bea and Mercy are not entitled to additional insured coverage from Old Republic as Kelso's conduct did not cause, in whole or in part, plaintiffs' injuries;

D.    That Old Republic owes no duty to defend or indemnify defendants, Mortenson, Javon Bea and Mercy, for any losses incurred in connection with the underlying lawsuit;

E.    Any further relief that this Court deems proper and just under the circumstances.

### COUNT III
### (No Duty to Defend or Indemnify – Late Notice)

66.    Pleading in the alternative, Old Republic adopts and re-alleges all of the facts and allegations contained in paragraphs 1 through 65 above as paragraph 66 of Count III, as though fully set forth herein.

67.     To the extent defendants, Mortenson, Javon Bea and/or Mercy are additional insureds entitled to additional insured coverage from Old Republic, they were required to comply with Conditions 2(c) and 2(d) of the Policy as a condition precedent to coverage.

68.     Under the terms and conditions of the Policy, an insured is required to, among other things, immediately send Old Republic copies of any demands, notices, summonses or legal papers received in connection with the underlying lawsuit, to cooperate with Old Republic, and to not incur any expense in the underlying lawsuit without Old Republic's consent.

69.     In breach of the Policy, defendants Mortenson, Javon Bea and Mercy, waited two years to notify Old Republic of the lawsuit and send suit papers claiming they were an additional insured; failed to immediately send Old Republic copies of the summons, notices, and complaint in the underlying lawsuit; failed to cooperate with Old Republic by failing to provide timely notice and incurred defense costs without Old Republic's consent.

70.     Because of defendants' breach of the condition precedents in the Policy, Old Republic is relieved of any duty to defend or indemnify it may have owed them in the underlying lawsuit.

71.     Old Republic has been prejudiced by defendants' breach of the conditions in the Policy since it was deprived of an opportunity to timely investigate the subject accident, and because, among other reasons, significant activity occurred in the underlying lawsuit prior to receiving notice.

72.     The above contentions of Old Republic are denied and disputed by defendants Mortenson, Javon Bea and Mercy who, in turn, contends that it complied with the notice provisions set forth in the Policy.

73.     By reason of the foregoing, an actual and justiciable controversy exists between Old Republic and defendants, which may be determined by judgment or order of the Court and that,

–14–

pursuant to 28 U.S.C. §2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties under the terms and provisions of the policy of insurance issued by Old Republic to Kelso with respect to the underlying lawsuit, and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce the same.

WHEREFORE plaintiff, OLD REPUBLIC INSURANCE COMPANY, prays that this Court enter judgment in its favor and against defendants, M.A. MORTENSON COMPANY, JAVON BEA HOSPITAL d/b/a MERCY HOSPITAL – RIVERSIDE BLVD., MERCY HEALTH CORPORATION, RICARDO GARCIA and STACEY GARCIA and enter an Order finding and declaring the rights of the parties as follows:

A. That Mortenson, Javon Bea and Mercy are not entitled to defense or indemnification coverage from OLD REPUBLIC because they breached the notice conditions in 2© and cooperation clause in 2(d) of the Policy;

B. That OLD REPUBLIC owes no duty to defend Mortenson, Javon Bea and Mercy in the underlying lawsuit;

C. That OLD REPUBLIC owes no duty to indemnify Mortenson, Javon Bea and Mercy in the underlying lawsuit;

D. That Mortenson, Javon Bea and Mercy are not entitled to additional insured coverage from Old Republic in connection with the underlying lawsuit;

E. Any further relief that this Court deems proper and just under the circumstances.

Respectfully submitted,

MARASA LEWIS, LTD.

By: _____/s/ Jill B. Lewis_____
Attorneys for Plaintiff

Jill B. Lewis, Esq.
Marasa Lewis, Ltd.
161 North Clark

–15–

Suite 1600
Chicago, IL 60601
(312) 345-7226
Firm No. 64523